UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DAVID JOHNSTON,

Plaintiff,

v.

Civil No. 05-1528-HA

OPINION AND ORDER

MICHAEL J. ASTRUE,
Commissioner of Social Security,

Defendant.

HAGGERTY, Chief Judge:

Plaintiff David Johnston seeks judicial review of a final decision by the Commissioner of the Social Security Administration denying his application for disability insurance benefits (DIB) under Title II of the Social Security Act. This court has jurisdiction to review the

Commissioner's decision under 42 U.S.C. § 405(g). For the following reasons, the Commissioner's decision is reversed and remanded for further proceedings.

**BACKGROUND**

Plaintiff was forty years old at the time of the Administrative Law Judge's (ALJ) decision. He has a twelfth-grade education. He has past relevant work experience as a rough carpenter, lawn service worker, service tech for manufactured homes, rebuilder for battery repair, starter rebuilder, and service station worker.

Plaintiff applied for DIB on October 5, 2000. His application was denied initially and on reconsideration. Plaintiff requested a hearing before an Administrative Law Judge (ALJ). A hearing was held on September 14, 2004. On February 22, 2005, the ALJ found that plaintiff was not disabled. The decision became the Commissioner's final decision upon the Appeal Council's denial of review. *See* 20 C.F.R. §§ 404.981, 416.1481, 422.210. Plaintiff subsequently filed a Complaint seeking this court's judicial review.

**STANDARD OF REVIEW**

This court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). Substantial evidence is "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997) (citation omitted); *see also Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995) (substantial evidence means more than a mere

scintilla but less than a preponderance; such relevant evidence as a reasonable mind might accept as adequate to support a conclusion).

The ALJ is responsible for determining credibility and resolving conflicts and ambiguities in the evidence. *Batson*, 359 F.3d at 1193. The Commissioner, not the reviewing court, must resolve conflicts in the evidence. *Benton v. Barnhart*, 331 F.3d 1030, 1035 (9th Cir. 2003) (citation omitted); *Reddick v. Chater*, 157 F.3d 715, 720-21 (9th Cir. 1998) (citation omitted); *see also Andrews*, 53 F.3d at 1039-40 (the Commissioner's decision must be upheld even if the evidence is susceptible to more than one rational interpretation).

The court must weigh all of the evidence, whether it supports or detracts from the Commissioner's decision. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999) (quotation and citation omitted). This court must uphold the Commissioner's denial of benefits even if the evidence is susceptible to more than one rational interpretation, as long as one of the interpretations supports the decision of the ALJ. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citation omitted); *see also Benton*, 331 F.3d at 1035 (the Commissioner's decision must be upheld in instances in which the evidence would support either outcome).

**DISABILITY STANDARDS**

To establish an eligibility for benefits, a plaintiff has the burden of proving an "inability to engage in any substantial gainful activity (SGA) by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Commissioner has established a five-step sequential evaluation process for determining if a person is eligible for

benefits because of disability. 20 C.F.R. §§ 404.1520, 416.920; *Quang Van Han v. Bowen*, 882 F.2d 1453, 1456 (9th Cir. 1989).

First, the Commissioner determines whether the claimant is engaged in SGA. If the claimant is so engaged, disability benefits are denied. If not, the Commissioner proceeds to step two and determines whether the claimant has a medical impairment that meets the regulatory definition of "severe." 20 C.F.R. § 404.1520(a). If the claimant lacks this kind of impairment, disability benefits are denied. 20 C.F.R. § 404.1520(c).

If the claimant's impairment is severe, the Commissioner proceeds to the third step to determine whether the impairment is equivalent to one or more impairments that the Commissioner has recognized to be so severe they are presumed to preclude SGA. 20 C.F.R. § 404.1520(d). These are listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("Listing of Impairments"). If the claimant's condition meets or equals one in the Listing of Impairments, the claimant is presumed conclusively to be disabled.

If the impairment is not one that is presumed to be disabling, the Commissioner proceeds to the fourth step to determine whether the impairment prevents the claimant from engaging in work that the claimant has performed in the past. If the claimant is able to perform his or her former work, a finding of "not disabled" is made and disability benefits are denied. 20 C.F.R. § 404.1520(e).

If the claimant is unable to perform work that he or she has performed in the past, the Commissioner proceeds to the fifth and final step to determine if the claimant can perform other work in the national economy in light of his or her age, education, and work experience. The

claimant is entitled to disability benefits if he or she is not able to perform any other work. 20 C.F.R. § 404.1520(f).

The claimant bears the initial burden of establishing his or her disability. In the five-step framework used by the Commissioner, the claimant has the burden of proof as to steps one through four. In step five, the burden shifts to the Commissioner to show there are a significant number of jobs in the national economy that the claimant can perform given his or her RFC, age, education, and work experience. *Gomez v. Chater*, 74 F.3d 967, 970 (9th Cir. 1996). If the Commissioner cannot meet this burden, the claimant is considered disabled for the purposes of awarding benefits under the Act. 20 C.F.R. § 404.1520(f)(1). If the Commissioner meets this burden, the claimant must be deemed not disabled for purposes of determining benefits eligibility. 20 C.F.R. §§ 404.1566, 404.1520(g).

**SUMMARY OF ALJ'S FINDINGS**

At step one, the ALJ found that plaintiff had not engaged in SGA since his alleged disability onset date. Tr. 18[1] Finding 2.

At step two, the ALJ found that plaintiff had severe impairments of degenerative disc disease and status post multiple discectomies, depression, and personality disorder with borderline and antisocial traits. Tr. 19, Finding 3.

At step three, the ALJ found that plaintiff's impairments did not meet or equal the requirements of a listed impairment. Tr. 19, Finding 4.

---

[1] Citations beginning with "Tr." refer to pages in the official transcript of the administrative record filed with the Commissioner's Answer.

At step four, the ALJ found that plaintiff was unable to perform his past relevant work. Tr. 24. The ALJ so found after determining that plaintiff had the following residual functional capacity: lift 20 pounds occasionally and 10 pounds frequently; sit, stand, and walk each a significant portion of the day; requires the flexibility to alternate positions between sitting and standing with relative frequency; occasionally can climb, balance, stoop, kneel, crouch and crawl; and can tolerate only occasional interpersonal contact with the public or co-workers. Tr. 24, Finding 6.

At step five, applying the Medical-Vocational Guidelines as a framework, and based on the testimony from the VE, the ALJ found that plaintiff was able to perform other work that existed in significant numbers in the national economy, including work as a bench assembler, sedentary assembler, and sedentary addresser, and therefore was not disabled. Tr. 24, 563-564, Findings 11, 12.

**DISCUSSION**

Plaintiff argues that the ALJ's decision is not supported by substantial evidence. Specifically, plaintiff presented new evidence to the Appeals Council, which he argues warrants a finding of disability.

Subsequent to the ALJ's denial of benefits, plaintiff submitted additional evidence, including the psychological evaluation of Dr. David R. Truhn. Tr. 12. A decision of the Appeals Council to deny review is not subject to judicial review. 20 C.F.R. §§ 404.981, 416.1481; *see also Russell v. Bowen*, 856 F.2d at 83-84. However, when the Appeals Council considers materials not seen by the ALJ and concludes they provide no basis for review of the ALJ's decision, a reviewing court may consider the additional materials to determine whether

there is substantial evidence supporting the Commissioner's decision. 20 C.F.R. § 404.976; *Harman v. Apfel*, 211 F.3d 1172, 1180 (9th Cir. 2000); *see also Ramirez v. Shalala*, 8 F.3d 1449, 1451-52 (9th Cir. 1993). The Appeals Council considered the submissions of Dr. Truhn, but declined to reverse the ALJ's decision. Tr. 9. Therefore, this court may properly review these post-hearing materials to determine whether they undermine the evidentiary basis of the Commissioner's final decision.

Dr. Truhn's post-hearing opinion implicates some of the ALJ's findings. First, Dr. Truhn found that plaintiff suffers from Major Depressive Disorder; Pain Disorder; Psychotic Disorder and Dysythmic Disorder. Tr. 503. On Axis II, Dr. Truhn found that plaintiff suffered from a Personality Disorder NOS with narcissistic, histrionic, antisocial, and borderline features. Dr. Truhn ultimately concluded that plaintiff's mental conditions would probably prohibit him from engaging in any sustained employment. Tr. 505.

When the court is presented with new evidence that was not presented to the ALJ, the court evaluates that evidence to determine whether it warrants an immediate award of benefits or a remand for further proceedings, or whether the evidence fails to establish the existence of a disability at all. A court may issue what is referred to as a "sentence four" remand in instances in which the Commissioner has erred in its prior consideration of the claimant's application for benefits. *Flores v. Shalala*, 49 F.3d 562, 568 (9th Cir. 1995). Under a "sentence six" remand, by contrast, the court may remand without making a determination as to the "correctness of the Secretary's decision." *Id.* (citing *Melkonyan v. Sullivan*, 501 U.S. 89, 100 (1991).

Whether to remand under sentence four is a matter of judicial discretion. *Harman*, 211 F.3d at 1177. A remand for further proceedings is unnecessary if the record is fully developed

and it is clear from the record that the ALJ would be required to award benefits. *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001). The decision whether to remand for further proceedings turns upon the likely utility of such proceedings. *Harman*, 211 F.3d at 1179. Remand for an award of benefits is appropriate where the record is fully developed and further proceedings would be unnecessary. *Reddick v. Chater*, 157 F.3d 715, 728 (9th Cir. 1998). Additional proceedings will often be necessary, however, in situations where the ALJ had no opportunity to review and consider evidence presented to the Appeals Council for the first time. *Id.* In *Harmon*, the court stated:

> While we properly may consider the additional evidence presented to the Appeals Council . . . it is another matter to hold on the basis of evidence that the ALJ has had no opportunity to evaluate that Appellant is entitled to benefits as a matter of law. The appropriate remedy in this situation is to remand this case to the ALJ; the ALJ may then consider, the Commissioner then may seek to rebut, and the VE may then answer questions with respect to the additional evidence.

211 F.3d at 1180; *see also Barbato v. Comm'r of Soc. Sec. Admin.*, 923 F. Supp. 1273, 1278 (C.D. Cal. 1996) (reversing and remanding for further proceedings partly because the "ALJ did not have an opportunity to evaluate the post-decisional report").

In this matter, this court concludes that outstanding issues remain that must be resolved before a determination of disability can be made. Further proceedings will be useful, and I exercise the discretion of the court to remand this case for additional administrative proceedings addressing plaintiff's evidence submitted subsequent to the ALJ's decision.

Pursuant to this remand, the ALJ shall give proper, full consideration to the opinions proffered by Dr. Truhn. The court is confident that this analysis will be conducted in accordance with the guidelines and legal authorities applicable to the consideration of such evidence.

**CONCLUSION**

For the reasons provided, this court concludes that pursuant to sentence four of 42 U.S.C. § 405(g), the decision of the Commissioner must be REVERSED and REMANDED FOR FURTHER PROCEEDINGS consistent with this Order and the parameters provided herein.

IT IS SO ORDERED.

DATED this 1 day of May, 2007.

/s/ Ancer L. Haggerty
Ancer L. Haggerty
United States District Court